## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **OMOWALE CASSELLE,**<br><br>   Plaintiff,<br><br> v.<br><br><br>**THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, BILL JACKSON, JAMI PAINTER, ANNABELLE CLARKE**<br><br>   Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, OMOWALE CASSELLE (hereinafter "Plaintiff"), by and through his counsel, SPEARMAN LAW, LLC and complains against the Defendants, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, BILL JACKSON, and JAMI PAINTER, and ANABELLE CLARK (hereinafter "Defendants") and states the following in support thereof:

## NATURE OF ACTION

1

1. Plaintiff, OMOWALE CASSELLE files this complaint for damages related to his employment with Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS for violation of his rights under Title VII of the Civil Rights Act of 1964. Plaintiff also brings this action for discrimination based on race, harassment based on race, and retaliation. Plaintiff also brings this complaint pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § 1981.

## **JURISDICTION AND VENUE**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq. ("Title VII"); the judicial code 28 U.S.C. § 1331, § and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to this Complaint occurred within this judicial district and Plaintiff was employed by the Defendant in the County of Cook, in the State of Illinois. Venue is also proper pursuant to 42 U.S.C.A. § 2000e-5(f)(3).

## **PARTIES**

4. PLAINTIFF OMOWALE CASSELLE is an African American male of the Northern District of Illinois and worked for the Defendants for three (3) years, from Dec 2021-September 30th, 2023.

5. The Defendant, BOARD OF TRUSTEES exercises final authority over the University of Illinois which includes University of Illinois System's Discovery Partner's Institute (DPI) where Plaintiff was employed.

6. The Defendant, BILL JACKSON is a citizen of the United States and State of Illinois and is sued in his individual capacity. He was at all times relevant an employee and agent of UNIVERSITY OF ILLINOIS and Executive Director of the Discovery Partners Institute and acted as decision-maker with respect to the discriminatory practices and employment decisions complained of herein. At all times and in all matters material, he acted under the color of the law of the State of Illinois and within the scope of his duties in connection with his employment with the Defendant.

7. The Defendant, JAMI PAINTER is a citizen of the United States and State of Illinois and is sued in her individual capacity. She is and was at all times relevant an employee and agent of the UNIVERSITY OF ILLINOIS and served as Director of Human Resources and acted as decision-maker with respect to the discriminatory practices and employment decisions complained of herein. At all times and in all matters material, she acted under the color of the law of the State of Illinois and within the scope of her duties in connection with her employment with the Defendant.

8. The Defendant, ANNABELLE CLARKE is a citizen of the United States and State of Illinois and is sued in her individual capacity. She is and was at all times relevant an employee and agent of the UNIVERSITY OF ILLINOIS and served as Director of Administration and acted as decision-maker with respect to the discriminatory practices and employment decisions complained of herein. At all times and in all matters material,

she acted under the color of the law of the State of Illinois and within the scope of her

duties in connection with her employment with the Defendant.


## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has met all administrative prerequisites.

10. Plaintiff filed a charge of discrimination with the EEOC September 27, 2023 (440-2023-
    07103) (See attached Exhibit. A)

11. Plaintiff was issued a right sue letter and received the right to sue letter on or about April
    19, 2025, and timely filed this complaint. (See attached. (See attached Exhibit B)


## FACTS COMMON TO ALL COUNTS

12. Plaintiff's employment with the Defendant started in December of 2020.

13. Plaintiff was offered an employment contract and appointed as the Inaugural Director of
    the Pritzker Tech Talent Labs within the System's Discovery Partner's Institute (DPI).

14. The DPI program was funded through the Pritzker Foundation with a ten-million-dollar
    grant with the goal of creating opportunities within tech for 7,000 participants annually by
    2029; 40% of which would be from underrepresented populations.

15. The DPI program is part of the University of Illinois System and conducts tech workforce
    development, applied research, and business in Chicago.

16. At all times relevant, the Plaintiff performed his job duties and responsibilities
    satisfactorily.

17. Plaintiff never received a negative employee evaluation and in fact received merit increases
    recognizing his performance in 2021 and 2022.

18. Plaintiff engaged in protected activity beginning in November of 2022 and throughout the remainder of his employment through September of 2023.

19. More specifically, the Plaintiff sent several emails over the course of several months, complaining about the differences in how White people were hired, promoted and managed in comparison with Black people.

20. In addition to complaining about the difference in treatment, the Plaintiff offered suggestions on ways to mitigate what he perceived as a racially hostile environment, as Plaintiff wanted to help make the Defendant's environment more racially inclusive.

21. On several occasions, Plaintiff advocated for the participants in the Defendant's apprenticeship program.

22. For instance, the Defendant's leadership did not allow the apprentices, who were mostly from underrepresented populations to use the kitchen or place their lunches in the refrigerators because the Defendant's leadership assumed without cause or reason that the apprentices "might steal food."

23. The Defendant's leadership forced the apprentices to store their lunches and personal belongings on the 20th floor, although the classes for the apprentices were held on the 4th floor.

24. The Plaintiff complained that the apprentices would have to traverse two elevator banks to get their lunch even though other employees and students, who were not minorities could conveniently use the kitchen and break rooms that were on the 4th floor.

25. Defendant Bill Jackson and another employee also remarked that apprentices would steal laptops that were provided by the school and discussed putting a "policy" in place to address this potential issue. (There was no reason or evidence that suggested laptops were being stolen.)

26. The Plaintiff complained that such assumptions and stereotypes imply underlying criminality by people who were trying to "improve their lot in life."

27. On another occasion, the Plaintiff advocated for a Black man who was accused by a White employee of smoking weed.

28. When Plaintiff asked the White employee why he would make such a comment, the White employee stated that he has no evidence of the Black apprentice smoking weed, but it just seemed like he was "slow and wasn't learning the material as fast as others."

29. The Plaintiff constantly complained to Defendants, Bill Jackson, Jami Painter, and Anabelle Clarke, that all of these issues were racist and should not be tolerated.

30. The Defendants Annabelle Clark ignored Plaintiff's numerous complaints about discrimination.

31. The Defendant's leadership refused to make any changes or discipline the people making these remarks.

32. On another occasion, during a team dinner, when Defendant Bill Jackson requested recommendations for scaling the program, an employee suggested imposing more rigorous admissions standards.

33. Jennifer Foil, the Director of Workforce Development, responded by saying that if the standards were more rigorous then less Black people would be accepted into the program.

34. Plaintiff complained explaining that Foil's viewpoint was racist.

35. Ms. Foil was never given any instruction or disciplined.

36. By contrast, Black employees were routinely disciplined and placed on performance improvement plans.

37. Defendant Annabelle Clark did not implement the Defendant's policies and procedures the same with Black employees and non-Black employees.

38. Again, the Plaintiff also complained about this mistreatment.

39. On many occasions, Plaintiff engaged in protected activity during meetings with Defendants, Bill Jackson and Annabelle Clarke.

40. During one meeting Plaintiff stated: "I believe DPI is a racially discriminatory environment that treats persons of color differently.

41. Plaintiff complained that the Defendants treated White employees differently from Black employees.

42. Plaintiff gave explicit examples.

43. Plaintiff mentioned a black woman who was denied a promotion because of racial stereotypes which Plaintiff exclaimed was "commonplace against people of color at DPI.

44. By contrast, Plaintiff told Defendants about a White woman who never received a Performance Improvement Plan, despite substantial documentation indicating performance issues by three (3) of her supervisors.

45. Plaintiff also complained because the Defendants refused to place a White male on a Performance Improvement Plan even though it was recommended multiple times by his supervisor.

46. Plaintiff complained to Defendants Bill Jackson, Jami Painter, and Annabelle Clarke.

47. Defendants, Bill Jackson refused to intervene and instead verbally attacked Plaintiff.

48. Plaintiff took some time off due emotional distress.

49. The following week after his complaints about discrimination, Defendant, Bill Jackson issued Plaintiff a 60-day "letter of expectation."

50. It is the Defendant's normal course of business to give a ninety (90) daytime frame when issuing a "letter of expectation."

51. Furthermore, the Defendant's policy requires two (2) years of performance reviews before placing an employee on a Performance improvement Plan.

52. However, the Plaintiff was not provided with two (2) years of performance reviews in violation of the Defendant's policy.

53. The Defendants also rescinded meeting invites that were conducive to Plaintiff's job task and excluded Plaintiff from key personnel decisions that were within the purview of his responsibility.

54. In response, Plaintiff asked Defendants how he could go from having no performance review to receiving a "letter of expectation" without any documented feedback/coaching or any opportunity to improve prior to this point.

55. Defendant Bill Jackson responded: "I wanted to shock the system."

56. On numerous occasions, Defendant Bill Jackson instructed Plaintiff to stop discussing issues of discrimination, but Plaintiff persisted.

57. On July 25, 2023, Plaintiff was verbally informed that he would not be re-appointed to his position without cause or justification.

58. Plaintiff complained that he was treated differently due to his race and was being treated differently because he had engaged in protected activity.

59. Plaintiff also filed a grievance.

60. The Defendants treated Plaintiff's grievance process differently than similarly situated employees of other races who filed grievances but had no engaged in protected activity.

61. On August 7, 2025, Plaintiff was given a notice via e-mail that he would not be re-appointed to his position.

62. Defendants, Bill Jackson and Defendant Jamie Painter terminated Plaintiff's contract without cause or justification.

63. More specifically, Bill Jackson and Defendant Jamie Painter terminated Plaintiff's contract because he engaged in legally protected activity from November of 2022 until the end of his employment with Defendant.

64. Plaintiff was initially told that he would be given 6 months before his contract ended.

65. The 6-month period was later reduced to 2 months after Plaintiff complained about discrimination.

66. Immediately after, Defendant Bill Jackson told the head of the IT Department to terminate the Plaintiff's access to the building and delete his files, although Plaintiff was scheduled to work for another two months.

67. The Defendant policy states:

A notice of non-reappointment may be issued at any time during the appointment year. Except for the early termination of an appointment arising out of the loss of soft funds, the current contract in effect at the time of the Notice of Non reappointment is not altered by the Notice of Non reappointment, which has prospective effect only. That is, the employee's status with the university does not change within the existing contract period; the current contract must be honored.

68. Plaintiff's contract renewal date was August 15, 2023.

69. The Plaintiff's notice period for non-appointment should have been six months.

70. Therefore, Plaintiff's period of notice should have been between Augst 16, 2023 and October 16, 2023.

71. Finally, the Plaintiff was replaced by an Indian male who had not engaged in legally protected activity.

## COUNT I

## TITLE VII: RACE DISCRIMINATION
**(AGAINST THE BOARD OF TRUSTEES of THE UNIVERSITY OF ILLINOIS)**

72. Plaintiff repeats and realleges paragraphs 1-71 and incorporates same by reference as though fully set out herein.

73. At all times relevant, Plaintiff is an African American male who worked for the Defendants.

74. Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

75. Through the actions alleged hereinabove, Plaintiff was subject to disparate treatment and was not subjected to the same terms of employment as the non-Black employees.

76. Title VII prohibits discrimination in hiring, pay, promotion, termination, and other terms and conditions of employment because of race, color, sex, national origin or religion.

77. Defendants discriminated against Plaintiff as set forth herein this Complaint.

78. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF **OMOWALE CASSELLE**, by and through his counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANT'S for violation of his rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of his compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

### COUNT II:
### SECTION 1983 RACIAL DISCRIMINATION
### (AGAINST BILL JACKSON, JAMI PAINTER, ANNABELLE CLARKE IN THEIR INDIVIDUAL CAPACITIES)

79. Plaintiff repeats and realleges paragraphs 1-78 and incorporates same by reference as though fully set out herein.

80. At all times relevant, Plaintiff is an African American male who worked for the Defendant.

81. Defendants BILL JACKSON, JAMI PAINTER, and ANNABELLE CLARK all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

82. Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement their personnel decisions and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

83. Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

84. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF **OMOWALE CASSELLE**, by and through his counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the

12

Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of his rights under Section 1983;

B. Award PLAINTIFF the value of his lost wages, lost benefits, and other monetary losses caused by DEFENDANTS;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

**COUNT III:**
**TITLE VII: HARASSMENT (RACE)**
**(AGAINST THE BOARD OF TRUSTEES of THE UNIVERSITY OF ILLINOIS)**

85. Plaintiff repeats and realleges paragraphs 1-84 and incorporates same by reference as though fully set out herein.

86. At all times relevant, Plaintiff is an African American male who worked for the Defendant.

87. Plaintiff was subjected to unwelcome harassment.

88. The harassment was based on Plaintiff's race.

89. The harassment amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

90. As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF OMOWALE CASSELLE, by and through his counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of his rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of his compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

### **COUNT IV**
### **SECTION 1981 RACIAL DISCRIMINATION**
### **(AGAINST THE BOARD OF TRUSTEES of THE UNIVERSITY OF IL, BILL JACKSON, JAMI PAINTER, ANNABELLE CLARKE, IN THEIR INDIVIDUAL CAPACITIES)**

91. Plaintiff repeats and realleges paragraphs 1-90 and incorporates same by reference as though fully set out herein.

92. At all times relevant, Plaintiff is an African American male who worked for the Defendants.

93. Defendants BILL JACKSON, JAMIE PANITER, and ANABELLE CLARKE all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

94. Defendants and their agents were under a duty to prevent discriminatory working environment and conduct and implement their personnel decisions, and disciplinary

14

policies in a nondiscriminatory manner without regard to race and without retaliation.

95. Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF OMOWALE CASSELLE, by and through his counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of his rights under Title VII of the Civil Rights Act and Section 1981;

B. Award PLAINTIFF the value of his compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.


## COUNT V:
### SECTION 1981 HARASSMENT (RACE)
### (AGAINST THE BOARD OF TRUSTEES of THE UNIVERSITY OF IL, BILL JACKSON, JAMI PAINTER, ANNABELLE CLARKE, IN THEIR INDIVIDUAL CAPACITIES)

96. Plaintiff repeats and realleges paragraphs 1-95 and incorporates same by reference as though fully set out herein.

97. At all times relevant, Plaintiff is an African American male who worked for the Defendant.

98. Defendants BILL JACKSON, JAMIE PANITER, and ANABELLE CLARKE all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

99. Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

100.    Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

101.    Plaintiff was subjected to unwelcome harassment.

102.    The harassment was based on Plaintiff's race.

103.    The harassment was intentional and amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF OMOWALE CASSELLE, by and through his counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of his rights under Title VII of the Civil Rights Act and Section 1981;

B. Award PLAINTIFF the value of his compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT VI: SECTION 1981 RETALIATION

**(AGAINST THE BOARD OF TRUSTEES of THE UNIVERSITY OF IL,
BILL JACKSON, JAMI PAINTER, ANNABELLE CLARKE,
IN THEIR INDIVIDUAL CAPACITIES**

104.     Plaintiff repeats and realleges paragraphs 1-103 and incorporates same by reference as though fully set out herein.

105.     Defendants BILL JACKSON, JAMIE PANITER, and ANABELLE CLARKE all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

106.     Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

107.     Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

108.     The Plaintiff complained to Defendant's leadership about racism, discrimination, harassment, and bullying on numerous occasions.

109.     In response, Plaintiff's contract was terminated.

110.     As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF OMOWALE CASSELLE, by and through his counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of his rights under Title VII of the Civil Rights Act and Section 1981;

B. Award PLAINTIFF the value of his compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.


## COUNT VII:
## TITLE VII: HARASSMENT (RETALIATION)
## (AGAINST UNIVERSITY OF ILLINOIS BOARD OF TRUSTEES)

111.    Plaintiff repeats and realleges paragraphs 1-110 and incorporates same by reference as though fully set out herein.

112.    At all times relevant, Plaintiff is an African American male who worked for the Defendants.

113.    The Plaintiff complained to Defendant's leadership about racism, discrimination, harassment, and bullying on numerous occasions.

114.    Plaintiff was subjected to unwelcome harassment because he engaged in a protected activity.

115.    The harassment amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

116.    As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF OMOWALE CASSELLE, by and through his counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of his rights under Title VII of the Civil Rights Act;

B. Award PLAINTIFF the value of his compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

**COUNT VIII:**
**SECTION 1983 HARASSMENT (RACE)**
**(BILL JACKSON, JAMI PAINTER, ANNABELLE CLARK IN THEIR INDIVIDUAL CAPACITIES)**

117. Plaintiff repeats and realleges paragraphs 1-116 and incorporates same by reference as though fully set out herein.

118. At all times relevant, Plaintiff is an African American male who worked for the Defendant.

119. Defendants BILL JACKSON, JAMI PAINTER, and ANNABELLE CLARK all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

120.     Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

121.     Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

122.     Plaintiff was subjected to unwelcome harassment.

123.     The harassment was based on Plaintiff's race.

124.     The harassment was intentional and amounted to conduct that was intimidating, hostile, and offensive and interfered with Plaintiff's work performance.

125.     As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF OMOWALE CASSELLE, by and through his counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A.  Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of his rights under Title VII of the Civil Rights Act and Section 1983;

B.  Award PLAINTIFF the value of his compensatory damages, lost wages, lost benefits, and other monetary losses;

C.  Award PLAINTIFF attorney's fees and costs in bringing this action; and

D.  Award such other and further relief as the court may deem just and equitable.

## COUNT IX: SECTION 1983 RETALIATION
### (BILL JACKSON, JAMI PAINTER, ANNABELLE CLARK IN THEIR INDIVIDUAL CAPACITIES)

126.     Plaintiff repeats and realleges paragraphs 1-125 and incorporates same by reference as though fully set out herein.

127.     Defendants **BILL JACKSON, JAMI PAINTER, ANNABELLE CLARK** all acted in supervisory roles toward Plaintiff during the discrimination set forth herein this Complaint.

128.     Defendants and their agents were under a duty to prevent a discriminatory working environment and conduct and implement its personnel decisions, and disciplinary policies in a nondiscriminatory manner without regard to race and without retaliation.

129.     Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

130.     The Plaintiff complained to Defendant's leadership about racism, discrimination, harassment, and bullying on numerous occasions.

131.     As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF OMOWALE CASSELLE, by and through his counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendants engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANT for violation of his rights under Title VII of the Section 1983;

B. Award PLAINTIFF the value of his compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

## COUNT X:
## TITLE VII: RETALIATORY DISCHARGE
### (AGAINST THE BOARD OF TRUSTEES of THE UNIVERSITY OF ILLINOIS)

132.    Plaintiff repeats and realleges paragraphs 1-131 and incorporates same by reference as though fully set out herein.

133.    The Plaintiff complained to Defendant's leadership about racism, discrimination, harassment, and bullying on numerous occasions.

134.    Defendants intentionally discriminated against Plaintiff as set forth herein this Complaint.

135.    As a consequence, Plaintiff suffered damages in the form of lost wages and lost benefits, loss of reputation, and incidental damages.

136.    More specifically, Plaintiff was terminated because he engaged in protected activity.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF OMOWALE CASSELLE, by and through his counsels, SPEARMAN, LAW, LLC, respectfully requests that this Honorable Court find that the Defendant engaged in discriminatory conduct against Plaintiff and enter a judgment in favor of Plaintiff in accordance with the following:

A. Enter judgment in PLAINTIFF's favor and against DEFENDANTS for violation of his rights under Title VII of the Civil Rights;

B. Award PLAINTIFF the value of his compensatory damages, lost wages, lost benefits, and other monetary losses;

C. Award PLAINTIFF attorney's fees and costs in bringing this action; and

D. Award such other and further relief as the court may deem just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

**OMOWALE CASSELLE**

By: /s/ **Kendra D. Spearman**

**Kendra D. Spearman** (ARDC No. 6324689)
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312.788.2602
kendra@spearmanlaw.com

23

EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | 440-2023-07103 |

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Omowale Casselle | | 11/27/1979 |

| Street Address | City, State and ZIP Code |
|---|---|
| 150 S. Wacker Drive, 24ᵗʰ Floor Chicago, IL 60606 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| University of Illinois System, | 15+ | 217-333-0302 |
| Street Address | City, State and ZIP Code | |
| 506 S Wright St, Urbana, IL 61801, 200 S. Wacker Dr., 4th Floor, Chicago, IL 60606 | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TO CK PLACE |
|---|---|
| _X_ RACE ___ COLOR ___ SEX ___ ___ NATIONAL ORIGIN<br><br>RELIGION ___ RETALIATION X ___ AGE ___ OTHER (Specify below.) | Earliest        Latest<br>              July 25, 2023<br><br>___ CONTINUING ACTION |

(If additional paper is needed, attached extra sheet(s))

•Complainant's employment with the Defendant started in December of 2020.
•Complainant was appointed as Director of the Pritzker Tech Talent Labs.
•Complainant was treated differently from similarly situated White employees.
•Respondent subjected Complainant to different terms and conditions of employment as compared with similarly situated White employees.
•Once Complainant noticed differences in terms of how White people were hired, promoted and managed in comparison to Black people, Complainant engaged in protected activity.
•More specifically, beginning in November of 2022, Complainant sent several emails over the course of several months, complaining about racial discrimination.
•Moreover, the Complainant offered ways to mitigate what he perceived to be a racially-hostile environment.
•Complainant was harassed based on race, Black.
•The Respondent failed to intervene or engage with Respondent.

(See Additional Attachment)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my ad dress or phone number and I will cooperate fully with them in the processing of my charge in accord ance with their procedures. | NO TARY – When necessary for State and Local Agency Requirements |
|---|---|

EEOC RECEIVED: 10-10-2023

- On 5/7/23, Complainant engaged in protected activity with the Respondent's leadership during a meeting.
- In response, the Respondent issued Complainant a 60-day "letter of expectation" as retaliation. (Normally "letter of expectations are for a 90-day period).
- Complainant complained through the Respondent's formal process but again the Respondent failed to intervene.
- The Respondent further failed to provide Complainant with a formal report.
- On July 25, 2023, Complainant was told that he would not be re-appointed to his position without cause or justification.
- Complainant was initially told that he would be given 6 months before his contract ended. The 6 month period was later reduced to 2 months.
- Subsequently, Complainant was denied access to the building and his email account while still being expected to perform his duties until the notice period ended.
- Respondent violated its own policy: "A notice of non-reappointment may be issued at any time during the appointment year. Except for the early termination of an appointment arising out of the loss of soft funds as set forth below, the current contract in effect at the time of the Notice of Non-reappointment is not altered by the Notice of Non-reappointment, which has prospective effect only. That is, the employee's status with the university does not change within the existing contract period; the current contract must be honored."
- Complainant was subjected to different terms and conditions than similarly situated White employees.
- During his employment with Respondent, Complainant was subjected to harassment and a hostile work environment based on race.
- Respondent also retaliated against Complainant as described herein.

EEOC RECEIVED: 10.10.2023

| I want this charge file dwith both the EEOC an dthe State or local Age n y, if any. I will advise the age n ies if I change my address or phon enumber an dl will coop rate fully with them in the processing of my charge in accordan ce with their proce dires. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I sw eror affirm that I have re adthe above charge an d that it is true to the best of my kn owel ge ,information an d be ief.<br><br>SIGNATURE OF COMPLANANT |
| Sep 27, 2023<br><br>*Omowale Casselle*<br>Omowale Casselle (Sep 27, 2023 09:57 CDT)<br>—————————————<br>Date         **Charging Party Signature** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# EXHIBIT B



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/11/2025

**To:** Omowale Casselle
600 N. Ridgeland Avenue
OAK PARK, IL 60302
Charge No: 440-2023-07103

EEOC Representative and email:   GRACE GOUNTANIS
Investigator
grace.gountanis@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2023-07103.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
04/11/2025
Amrith Kaur Aakre
District Director